## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark Forrest Jones, Petitioner Below,
Petitioner**

**vs) No. 12-1397** (Kanawha County 04-MISC-225)

**Marvin Plumley, Warden, Huttonsville Correctional
Center, Respondent Below, Respondent**

**FILED**

**October 1, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Mark Forrest Jones' appeal, by counsel Mark L. French, arises from the Circuit Court of Kanawha County's October 25, 2012 order denying his petition for writ of habeas corpus. Respondent Marvin Plumley, by counsel Andrew D. Mendelson, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was convicted in September of 2001 of one count of first degree murder for shooting a man in a bar. For over two years while awaiting trial, petitioner was on home incarceration. In February of 2002, petitioner was sentenced to life, with mercy, and the circuit court ordered that petitioner receive credit for sixty-six days served from the date of conviction until the date of his sentencing. In July of 2002, the circuit court entered a corrected sentencing order awarding petitioner credit for 171 days served from this period between conviction and sentencing. Petitioner thereafter filed a petition for appeal with this Court, which refused the same by order entered on February 13, 2003.

In December of 2003, petitioner filed a *pro se* petition for writ of habeas corpus, which the circuit court dismissed on December 17, 2003. After petitioner filed an amended petition for writ of habeas corpus with the assistance of counsel, the circuit court held an omnibus evidentiary hearing on July 15, 2010. Following this hearing, the circuit court denied the petition by order entered on October 24, 2012. It is from this order that petitioner appeals, alleging that the habeas court erred in finding he was entitled to no relief in regard to credit for time served while on home incarceration and in regard to an allegedly erroneous jury instruction.

1

We have previously held that

> "In reviewing challenges to the findings and conclusions of the circuit court in a
> habeas corpus action, we apply a three-prong standard of review. We review the
> final order and the ultimate disposition under an abuse of discretion standard; the
> underlying factual findings under a clearly erroneous standard; and questions of
> law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va.
> 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Upon our
review, we find no error in the circuit court's denial of the petition for writ of habeas corpus.
While petitioner argues that the sentencing court intended to award him credit for the entirety of
the time spent on home incarceration, the Court finds no evidence to support this assertion.

To support the argument that he is entitled to more than two years of credit for time
served, petitioner relies on language from the sentencing hearing in which the circuit court stated
that petitioner be awarded credit for time served "from the date of your conviction until this date
that you were incarcerated." Nothing in the record indicates that the circuit court intended to grant
petitioner credit for all the time he spent on home incarceration prior to his incarceration. In fact,
the circuit court entered a sentencing order awarding petitioner sixty-six days credit for time
served and then later entered an amended sentencing order granting petitioner a total of 171 days
of credit for time served, which reflects the time petitioner was incarcerated between his
conviction and sentencing. As such, it is clear that the circuit court did not enter an erroneous
order in regard to credit for time served, as petitioner alleges.

Further, West Virginia Code § 62-11B-11(b) states that "[u]pon conviction of a person,
the circuit court . . . may, in its discretion, grant credit for time spent on home incarceration as a
condition of bail toward any sentence imposed . . . ." Clearly, this statute grants circuit courts
discretion in awarding defendants credit for time spent on home incarceration as a condition of
bail, and the Court finds no abuse of discretion by the trial court in denying petitioner's request
for credit for time served while on home incarceration as a condition of bail. As such, the Court
also finds no error in the habeas court refusing to grant petitioner relief in regard to an associated
claim for ineffective assistance of counsel. While petitioner argues that his prior counsel was
ineffective for failing to notice the alleged error in the sentencing orders in that they did not award
petitioner credit for time served while on home incarceration as a condition of bail, we find that
the evidence does not support such a claim based on the discussion above.

Finally, the Court finds no error in the habeas court denying petitioner relief in regard to
his allegation that the trial court erroneously instructed the jury as to evidence of a "heat of
passion" defense. We have previously held that

> "[a] trial court's instructions to the jury must be a correct statement of the law and
> supported by the evidence. Jury instructions are reviewed by determining whether
> the charge, reviewed as a whole, sufficiently instructed the jury so they understood
> the issues involved and were not mislead by the law. A jury instruction cannot be

dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion." Syl. Pt. 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Kendall*, 219 W.Va. 686, 639 S.E.2d 778 (2006). Petitioner takes issue with the portion of the instruction speaking in general terms regarding the law of murder and the defense of "heat of passion," or provocation. While petitioner argues that the allegedly improper jury instruction relieved the State of its burden of proving malice beyond a reasonable doubt, the Court disagrees. Upon our review, the Court finds no error in the jury instruction of which petitioner complains, as the instruction clearly states that "[t]he State is required to prove the element[] of malice . . . ." As such, we agree with the habeas court's finding that "the burden to prove malice was clearly placed upon the State, and the jury instructions, when viewed in their entirety, are not erroneous."

For the foregoing reasons, the circuit court's October 25, 2012 order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3